**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
AUGUSTINE PEREZ,                    :
                                    :        Civil Action No.
            Petitioner,             :        07-2485 (RBK)
                                    :
        v.                          :        **O P I N I O N**
                                    :
CHARLES E. SAMUELS,                 :
                                    :
            Respondent.             :
_____:


**APPEARANCES:**

        AUGUSTINE PEREZ, Petitioner pro se
        #19850-054
        F.C.I. Fort Dix
        Fort Dix, New Jersey    08640


**ROBERT B. KUGLER, District Judge**

        This matter is before the Court on the petition of AUGUSTINE

PEREZ (hereinafter "Petitioner") for habeas corpus relief under 28

U.S.C. § 2241.[1]  For the reasons set forth below, the Court will

_____

[1]
        Petitioner failed to file an application to proceed in forma
pauperis.  Section 1914, the filing fee statute, provides in
relevant part that "the clerk of each district court shall require
the parties instituting any civil action, suit or proceeding in
such court . . . to pay a filing fee of $ 250 except that on
application for a writ of habeas corpus the filing fee shall be $
5."  28 U.S.C. § 1914(a).  The accompanying provision, Section
1915, governs applications filed in forma pauperis and provides, in
relevant part, that leave to proceed in forma pauperis may be
granted in any suit to a litigant "who submits an affidavit that

                        Page -1-

dismiss the petition for lack of jurisdiction.

## BACKGROUND

The following facts are taken from the petition, as well as from pertinent court opinions filed by various federal courts, and are assumed true for purposes of this decision.

On December 21, 1990, the jury found Petitioner guilty of conspiracy, continuing criminal enterprise, possessing cocaine with intent to distribute, distributing cocaine, possessing cocaine with intent to distribute on school property (hereinafter "school zone"), and possessing a firearm during a drug trafficking offense. See Pet., Mem. at 2; United States v. Hubbard, 1993 U.S. App. LEXIS 21850, at *6-7 (4th Cir. Aug. 27, 1993). James C. Turk, Chief District Judge at the United States District Court for the Western District of Virginia, imposed 325 months sentence upon Petitioner. See id. Petitioner appealed his conviction and sentence, arguing that there was insufficient evidence for his conviction, the evidence was erroneously admitted, that the trial court erred by failing to sever cases of Petitioner and his co-defendants, plus erred in calculating their sentences. The United States Court of

---

includes a statement of all assets such [litigant] possesses [if such affidavit demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); see also Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, at *1 (S.D.N.Y. Mar. 21, 2001). *Therefore, Petitioner must submit his filing fee of $5 or his affidavit of poverty regardless of the outcome of this litigation.*

Appeals for the Fourth Circuit affirmed Petitioner's conviction, carefully examining all claims raised by Petitioner, count-by-count.  See Hubbard, 1993 U.S. App. LEXIS 21850, at *6-13 (the court affirmed the convictions of six out of the seven defendants, including Petitioner, and reversed the conviction of the remaining defendant).  The United States Supreme Court denied certiorari on February 22, 1994.  See Perez v. United States, 510 U.S. 1122 (1994).

In 1997, Petitioner filed his motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  See Pet., Mem. at On March 18, 1998, the District Court denied Petitioner's application for relief under § 2255, and on April 9, 1998, denied his "motion for reconsideration by another judge."  Id. at 2-3. Petitioner appealed.  The Fourth Circuit denied a certificate of appealability, and dismissed the appeal on June 24, 1999. See id. Petitioner then filed three more motions with the sentencing court, i.e., motion for a writ of auditia querela, prior Fed. R. Crim. P. 35(a), which presented claims that the District Court had allegedly overlooked in its decision on the § 2255 motion, a motion for reconsideration of the denial of the auditia querela motion, and a motion to vacate the judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  See Perez v. Delarosa, 04-3460 (hereinafter "Perez I"), Docket Entry No. 2, at 2 (RBK).  All these motions were denied.  See id.  The Court of Appeals for the Fourth

Circuit affirmed all these denials, and the United States Supreme Court denied Petitioner's petition for certiorari with respect to the Court of Appeals' affirmations. See id.

On July 21, 2004, Petitioner filed his § 2241 motion with this Court raising the following ten grounds: use of a firearm conviction violated Bailey; a Brady violation; prosecutorial misconduct during closing argument; admission of recanted and perjured testimony; warrantless seizure of computer disks; failure to rule on motion of acquittal at the close of the government's case; denial of right to be heard on the government's forfeiture complaint until after conviction; conviction rests entirely on hearsay; violation of Double Jeopardy Clause; and judicial bias. See Perez I, Docket Entry No. 1; Docket Entry No. 2, at 2. Determining that § 2255 was not inadequate or ineffective vehicle for Petitioner to raise all his grounds, this Court founds that it lacked jurisdiction to entertain Petitioner's application as § 2241 petition. See id. In addition, the Court determined that it would be futile to construe Petitioner's Perez I application as a § 2255 motion in view of this Court's lack of authority to entertain that Petitioner's second/successive § 2255 application without due authorization from a court of appeals. See Perez I, Docket Entries Nos. 2 and 3.

Petitioner appealed this Court's decision to the United States Court of Appeals for the Third Circuit. See id., Docket Entry No.

Page -4-

4.   On March 21, 2005, the Court of Appeals for the Third Circuit affirmed this Court's decision.  See id., Docket Entries Nos. 9, 10 ("The nature of [Petitioner's] claims places his petition squarely within the scope of § 2255 and, therefore, renders his § 2241 petition in effect a second § 2255 subject to AEDPA's gatekeeping restrictions.  The mere fact that AEDPA may prevent his use of § 2255, however, does not render § 2255 inadequate").

On May 29, 2007, Petitioner filed his instant petition (a) arguing that Section 2255 was inadequate or ineffective to address Petitioner's claims;[2] and (b) setting forth reiterations of certain claims raised in Perez I, as well as a "somewhat new" claim that Petitioner was "actually innocent."[3]  See Pet., Mem.

---

[2]

Petitioner effectively restated the same claims that he raised in his previous § 2241 application: Petitioner now asserts that his conviction rests on hearsay, he was subjected to a violation of Double Jeopardy Clause, judicial use of a firearm conviction violated Bailey, the judge presiding over Petitioner's § 2255 motion was biased, Petitioner was unduly denied his counsel of choice, the presiding tribunal unduly ignored evidence with respect to count eight (that is, distribution of drugs within a school zone) and unduly relied on the jury's conclusion that Petitioner was carrying his firearm in relation to Petitioner's drug trafficking activities rather that for the mere enjoyment of having a firearm.  See Pet., Mem. at 1,  3-11.

[3]

Petitioner's "actual innocence" claim asserts that Petitioner was innocent of certain aggravating factors pertinent to his conviction.  However, this actual innocence claim presents a new legal argument, in the sense that Petitioner relies on different case law but, factually, recites the points raised in Petitioner's previous submission.

## DISCUSSION

**A.    Sua Sponte Dismissal**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in

hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4] See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under §

---

[4] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements

---

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner attempts to argue that he is entitled to habeas relief under § 2241 because he is "actually innocent" of possessing cocaine with intent to distribute within the school zone and possession of firearm for the purpose of drug trafficking.

Petitioner's claims are of no merit. A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[6] A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show (1) new reliable evidence not available for presentation at the time of the challenged trial; and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in

---

[6] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In this case, Petitioner's claim of "actual innocence" is not based on any new evidence. Rather, Petitioner asserts that his jury unduly endorsed the testimony of a witness asserting that Petitioner's drug offenses took place within a school zone and/or unduly credited the prosecutorial point of view that Petitioner possessed his firearm in connection with his drug trafficking activities rather than for purposes unrelated to drug activities.[7] None of these claims, however, meet the extraordinarity test of actual innocence: they merely present Petitioner's disagreement with the jury as to the weight and/or credibility of evidence actually entered during Petitioner's trial.

In sum, despite Petitioner's argument otherwise, "[t]he nature of [Petitioner's instant] claims places his petition squarely within the scope of § 2255," again. See Perez v. Derosa, 127 Fed. Appx. 85. Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy. Petitioner cites no intervening change in the law that

---

[7]

Notably, Petitioner was convicted of possessing a firearm *during* (rather than specifically for the purposes of committing) a drug trafficking offense, see United States v. Hubbard, 1993 U.S. App. LEXIS 21850, at *6-7, and Petitioner does not dispute having possession of a firearm.

renders non-criminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  His claim of actual innocence is illusory, and has to be rejected.  In view of the foregoing, his petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[8]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner fails to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it is not in the interests of justice to

---

[8]

Although this Court is reclassifying the petition as a § 2255 motion, no _Miller_ notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in _United States v. Miller_, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being re-characterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the _Miller_ court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a _Miller_ notice.

transfer this Petition to the United States Court of Appeals for the Fourth Circuit.[9] Accordingly, this Petition must be dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth above, the petition will be dismissed with prejudice for lack of jurisdiction.

An appropriate Order accompanies this Opinion.

<div style="margin-left:40%">

S/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

</div>

Dated:    June 8, 2007

---

[9]

No statement made in this Opinion, however, should be interpreted as preventing Petitioner to seek authorization of the United States Court of Appeals for the Fourth Circuit to file another § 2255 petition with Petitioner's trial court.